Frank A. Gulotta, J.
On this motion the third-party defendant attacks the sufficiency of an amended third-party complaint which seeks a recovery from a title company (third-party defendant) for having incorrectly reported an incumbrance on the third-party plaintiff’s title by reason of which the plaintiffs in the main action rejected title and have now brought an action to foreclose a vendee’s lien.
The incumbrance reported was a Federal tax lien for $20,335 filed May 19, 1960, for withholding taxes for 1957-58 against M. Maurice Graham, husband of Sybil B. Graham who is the sole record owner of the property.
The third-party complaint states that she purchased the property in 1949, but leaves out the information gleaned from the main complaint that the property was in joint names at the time it was deeded to Sybil B. Graham by deed dated August 15,1957, recorded April 2,1958.
The argument made by the title company to the effect that it accurately reported that the tax lien was against Maurice and consequently Sybil cannot complain if she was hurt by this correct statement is specious. The title company is not conducting a news service and the report it made characterized this lien as an incumbrance on Sybil’s property. If this was done deliberately and fraudulently or so recklessly, nor caring whether it was true or false, as to amount to a willful act, then there might be liability to Sybil even though there was no privity of contract between her and the title company.
See Ultramares Corp. v. Touche (255 N. Y. 170) where the Court of Appeals said at page 189, in a similar situation: £ £ Our holding does not emancipate accountants from the consequences of fraud. It does not relieve them if their audit has been so negligent as to justify a finding that they had no genuine belief in its adequacy, for this again is fraud. It does no more than say that if less than this is proved, if there has been neither *260 reckless misstatement nor insincere profession of an opinion, but only honest blunder, the ensuing liability for negligence is one that is bounded by the contract, and is to be enforced between the parties by whom the contract has been made.”
In the First Department this doctrine was more specifically applied to title companies in Goodman v. Title Guar. & Trust Co. (11 A D 2d 1003) which held that a title company might be held liable where the purchaser “ elected to rescind” because the company erroneously reported the noninsurability of .an easement, not negligently or because of an error in judgment, but recklessly and without knowledge or genuine belief in the accuracy of its report. No mention is made in the case of whether the contract contained a clause to the effect that the seller was to deliver an “ insurable ” as distinct from a “ marketable ” title, but I think we must assume that it was the former since otherwise the buyer would have had no right to rescind, unless the title was in fact bad or at least unmarketable.
The Second Department in Gilchrest House v. Guaranteed Tit. & Mtge. Co. (277 App. Div. 788) let its decision turn on this distinction, holding that a title company is a free agent to insure or not insure as it sees fit, and that consequently when a title company on the application of a buyer refuses to insure even a marketable title, the seller has no redress against the company because of that refusal.
This brings us to the real nub of this case. The present contract contains the usual “insurability” clause — “ The seller shall give and the purchaser shall accept a title such as any title company will approve and insure ’ ’.
If this sale fell through because the title company refused to insure, there can be no recovery for that refusal even though it was induced to reach such a decision by its own recklessly false title report.
On the other hand, if a recklessly false report caused and induced the buyers, acting on their own volition, to call off the deal or caused other title examiners or title companies subsequently retained by them to reject the title, then there might be liability within the principles of the above-cited decisions.
Accordingly the third-party complaint is dismissed once again, but with leave to plead over in view of the involved legal questions.